IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

FRIDAY L. BODINE,

    Plaintiff,

v.                                                                                     No. 1:15-cv-00540-JCH-GBW

NANCY A. BERRYHILL,[1]
Acting Commissioner of the Social Security
Administration,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

This matter comes before the Court on Plaintiff's Motion to Remand the Social Security Administration's (SSA) decision to deny Plaintiff supplemental security income benefits. *Doc. 29*. For the reasons discussed below, I recommend finding that the ALJ erred by failing to properly evaluate the opinion of Plaintiff's consultative psychologist. Therefore, I recommend that the Court grant Plaintiff's motion and remand this action to the Commissioner.

I.     PROCEDURAL HISTORY

Plaintiff filed an initial application for supplemental security income (SSI) on August 10, 2010. Administrative Record ("AR") at 150-56. Plaintiff alleged that she had a disability resulting from lethargy, depression, bipolar disorder, severe panic/anxiety

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 405(g) of the Social Security Act. 42 U.S.C. § 405(g).

attacks, and memory loss. AR at 176. An Administrative Law Judge (ALJ) held a hearing on August 29, 2013. AR at 30-57.

The ALJ issued an unfavorable decision on January 28, 2014, concluding that Plaintiff could perform jobs existing in significant numbers in the national economy and therefore was not disabled. AR at 10-29. Plaintiff appealed the denial of her application to the Appeals Council, which declined review on April 27, 2015. AR at 1-3. Plaintiff filed suit in this Court on June 24, 2015, seeking review of the ALJ's decision. *Doc. 1*.

I.     STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), a court may review a final decision of the Commissioner only to determine whether it (1) is supported by "substantial evidence" and (2) comports with the proper legal standards. *Casias v. Sec'y of Health & Human Servs.*, 933 F.2d 799, 800-01 (10th Cir. 1991). "In reviewing the ALJ's decision, we neither reweigh the evidence nor substitute our judgment for that of the agency." *Bowman v. Astrue*, 511 F.3d 1270, 1272 (10th Cir. 2008) (citation and internal quotations omitted).

Substantial evidence is "more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Casias*, 933 F.3d at 800. "The record must demonstrate that the ALJ considered all of the evidence, but an ALJ is not required to discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir. 1996). "[I]n addition to discussing the evidence

supporting his decision, the ALJ must also discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Id*. at 1010. "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the] findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citation omitted).

### II. PARTIES' POSITIONS

Plaintiff asserts that the ALJ erred by failing to properly evaluate: (1) the opinion evidence of Dr. Kenneth Kenney; (2) the opinion evidence of Dr. Steven Baum; and (3) the opinion evidence of Plaintiff's former employers. *Doc. 30* at 7-14. Defendant argues that the ALJ reasonably evaluated the opinion evidence of Dr. Kenney, Dr. Baum, and Plaintiff's employers. *See generally doc. 35*. Ultimately, I recommend finding that the ALJ's opinion must be remanded for failure to properly consider the opinion evidence of Dr. Kenneth Kenney, and I do not reach the other issues.

### III. ALJ EVALUATION

#### A. Legal Standard

For purposes of Social Security benefits, an individual is disabled when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). To determine whether a person satisfies these

criteria, the SSA has developed a five-step test. *See* 20 C.F.R. § 416.920. If the Commissioner finds an individual disabled or not disabled at any step, the next step is not taken. *Id*. § 416.920(a)(4).

At the first four steps of the analysis, the claimant has the burden to show: (1) she is not engaged in "substantial gainful activity;"[2] (2) she has a "severe medically determinable . . . impairment . . . or a combination of impairments that is severe" that has lasted or is expected to last for at least one year; and that either (3) her impairment or impairments meet or equal one of the "listings" of presumptively disabling impairments; or (4) she is unable to perform her "past relevant work." *Id.* § 416.920(a)(4)(i–iv); *Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005).

Step four of this analysis consists of three phases. *Winfrey v. Chater*, 92 F.3d 1017, 1023 (10th Cir. 1996). First, the ALJ determines the claimant's Residual Functional Capacity ("RFC") in light of "all of the relevant medical and other evidence." 20 C.F.R. § 416.945(a)(3). A claimant's RFC is "the most [he or she] can still do despite [physical and mental] limitations." *Id*. § 416.945 (a)(1). Second, the ALJ determines the physical and mental demands of the claimant's past work. "To make the necessary findings, the ALJ must obtain adequate 'factual information about those work demands which have a bearing on the medically established limitations.'" *Winfrey*, 92 F.3d at 1024 (quoting

---

[2] "Substantial work activity" is work that involves doing significant physical or mental activities. 20 C.F.R. § 416.972(a). "Gainful work activity" is work that is usually done for pay or profit, whether or not the claimant has earned any such pay or profit. 20 C.F.R. § 416.972(b). "Substantial gainful activity" is work that is both substantial and gainful. 20 C.F.R. § 416.972.

4

Social Security Ruling 82-62 (1982)).  Third, the ALJ determines whether, in light of the RFC, the claimant is capable of meeting those demands.  *Id*. at 1023, 1025.

If the ALJ concludes that the claimant cannot engage in past relevant work, he or she proceeds to step five of the evaluation process.  20 C.F.R. § 416.920(a)(4)(v).  At step five, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work which exists in significant numbers in the national economy, considering the claimant's RFC, age, education, and work experience.  *Grogan*, 399 F.3d at 1261.

    **B.  The ALJ's Decision**

On January 28, 2014, the ALJ issued a decision denying Plaintiff's application for benefits.  AR at 10-29.  In denying Plaintiff's application, the ALJ applied the required five-step sequential analysis.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of July 30, 2012.  AR at 15.  At step two, the ALJ determined that Plaintiff had the following severe impairments: affective disorder and anxiety.  AR at 15-16.  At step three, the ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment.  AR at 16-17.

At step four, the ALJ determined that Plaintiff had the RFC to "perform work at all exertional levels," with certain listed nonexertional limitations.  AR at 17-22.  The ALJ also found that Plaintiff is unable to perform any of her past relevant work.  AR at

23. However, at step five, the ALJ found that Plaintiff could perform jobs that existed in significant numbers in the national economy, including positions as a cook helper, laundry worker, and housekeeper. AR at 23-24.

IV.    ANALYSIS

Plaintiff claims that the ALJ failed to properly evaluate the opinion evidence of Dr. Kenneth Kenney, Plaintiff's consultative psychologist. *Doc. 30* at 7-9. In determining a claimant's RFC, an ALJ "is required to consider all of the claimant's medically determinable impairments, singly and in combination," and a failure to do so is reversible error. *Salazar v. Barnhart*, 468 F.3d 615, 621 (10th Cir. 2006). While an ALJ "need not discuss all of the evidence in the record, he may not ignore evidence that does not support his decision, especially when that evidence is significantly probative." *Briggs ex rel. Briggs v. Massanari*, 248 F.3d 1235, 1239 (10th Cir. 2001) (quotations omitted).

An ALJ is required to "consider all medical opinions in the record," and must also discuss the weight assigned to such opinions. *Quintero v. Colvin*, 567 F. App'x 616, 619-20 (10th Cir. 2014) (unpublished) (citing 20 C.F.R. §§ 404.1527(c)-(e), 416.927(c)-(e)). To determine what weight to give to a medical opinion, an ALJ must consider the following factors:

> (1) the length of the treatment relationship and the frequency of examination; (2) the nature and extent of the treatment relationship, including the treatment provided and the kind of examination or testing performed; (3) the degree to which the physician's opinion is supported

>by relevant evidence; (4) consistency between the opinion and the record as a whole; (5) whether or not the physician is a specialist in the area upon which an opinion is rendered; and (6) other factors brought to the ALJ's attention which tend to support or contradict the opinion.

*Goatcher v. U.S. Dep't of Health & Human Servs.*, 52 F.3d 288, 290 (10th Cir. 1995); *see also Kilpatrick v. Astrue*, 502 F. App'x 801, 806 (10th Cir. 2012) (unpublished).

Plaintiff argues that the ALJ "erred in failing to mention the opinions of Dr. Kenney . . . or state the weight assigned to those opinions." *Doc. 30* at 7. Under SSA regulations, the ALJ must evaluate every medical opinion he receives, which includes Dr. Kenney's opinions regarding Plaintiff's mental impairments. 20 C.F.R. § 416.927(c). The ALJ was required to consider the six factors in deciding the weight to be given to Dr. Kenney's medical opinions, but the ALJ was not required to explicitly consider and apply each and every factor to each opinion. *See* 20 C.F.R. § 416.927(c)(2)-(6); *Oldham v. Astrue*, 509 F.3d 1254, 1258 (10th Cir. 2007). The ALJ must, however, "make clear how much weight the opinion is being given (including whether it is being rejected outright) and give good reasons, tied to the factors specified in the cited regulations for this particular purpose, for the weight assigned." *Krauser v. Astrue*, 638 F.3d 1324, 1330 (10th Cir. 2011) (citing *Watkins v. Barnhart*, 350 F.3d 1297, 1300-01 (10th Cir. 2003)).

Although *Oldham* and *Krauser* addressed non-controlling treating physicians' opinions, the above requirements apply with equal force to opinions by consultative examiners such as Dr. Kenney. 20 C.F.R. § 416.927(e)(2)(ii) (an ALJ must consider medical source findings using the six factors and "must explain in the decision the weight given

to the opinions of a State agency medical or psychological consultant or other program physician, psychologist, or other medical specialist, as the [ALJ] must do for any opinions from treating sources, nontreating sources, and other nonexamining sources who do not work for [the SSA]"); *see also Mounts v. Astrue*, 479 F. App'x 860, 867 (10th Cir. 2012) (unpublished) (applying factors in 20 C.F.R. § 404.1527, which mirrors 20 C.F.R. § 416.927, to consultative psychologist's opinion).

Here, the ALJ discussed two of Dr. Kenney's examinations of Plaintiff and noted his estimation of her Global Assessment of Functioning score, but did not discuss Dr. Kenney's functional assessment findings from either his October 2010 or his April 2012 mental disability evaluations of Plaintiff. *See* AR at 20-21, 357, 383. In fact, the ALJ did not even mention Dr. Kenney's October 2010 evaluation of Plaintiff's mental health in his opinion. *See* AR at 20-21. Further, the ALJ did not indicate what weight he assigned to Dr. Kenney's opinions and thus did not "give good reasons, tied to the factors" in the SSA regulations for assigning weight. *Krauser*, 638 F.3d at 1330. His failure to do so constitutes error. *Id.* at 1331 (finding error where "the ALJ failed to articulate the weight, if any, he gave [a medical] opinion, and he failed also to explain the reasons for assigning that weight or for rejecting the opinion altogether," and thus ordering remand "because [the court] cannot meaningfully review the ALJ's determination") (quoting *Watkins*, 350 F.3d at 1301).

8

This conclusion, however, does not resolve the matter, as the question now becomes whether the ALJ's error was harmless.  "[T]he harmless-error doctrine applies in social security cases 'where, based on the material the ALJ did at least consider (just not properly), we could confidently say that no reasonable administrative factfinder, following the correct analysis, could have resolved the factual matter in any other way.'" *Anderson v. Colvin*, 514 F. App'x 756, 758 (10th Cir. 2013) (unpublished) (quoting *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004)).  Regarding RFC determinations, the Tenth Circuit has held that an error is harmless where a medical opinion "is not inconsistent" with the limitations included in an ALJ's RFC , despite the ALJ's failure to expressly weigh the opinion.  *Keyes-Zachary v. Astrue*, 695 F.3d 1156, 1165 (10th Cir. 2012).  The Tenth Circuit has explained that where there is no inconsistency, "[t]here is no reason to believe that a further analysis or weighing of [an] opinion could advance [the plaintiff's] claim of disability."  *Id.* at 1163.

Here, Plaintiff alleges that the ALJ erred by failing to weigh or to incorporate into Plaintiff's RFC the following limitations assessed by Dr. Kenney: (1) Plaintiff's memory; (2) Plaintiff's capacity to concentrate and persist; and (3) Plaintiff's capacity to adapt.  *See doc. 30* at 8-9; AR at 357, 383.  In his determination of Plaintiff's RFC, the ALJ explained that Plaintiff is "able to maintain concentration, persistence and pace . . . for two hours at a time before taking a normally scheduled break and returning to work throughout the day," which is generally consistent with Dr. Kenney's finding that Plaintiff is limited in

concentration and persistence. AR at 17, 357, 383. In addition, it appears that the ALJ's RFC determination incorporates Dr. Kenney's finding of Plaintiff's poor memory by limiting Plaintiff to "work involving only simple tasks with simple instructions." AR at 17, 357, 383; *Zachary v. Barnhart*, 94 F. App'x 817, 819 (10th Cir. 2004) (unpublished) ("The ALJ's RFC reflects consideration of [the doctor's] evaluation that [the claimant] has some memory difficulties and difficulty with social interaction because the ALJ found that she should be 'limited to simple, routine instructions and cannot have contact with the general public.'"); *Patterson v. Colvin*, No. 15-1345-JAR, 2016 WL 3597461, at *2 (D. Kan. July 5, 2016) (RFC reflected nurse's opinion of a claimant's moderate limitations in memory by limiting the claimant to "understand[ing], remember[ing], and carry[ing] out only simple, routine, repetitive tasks involving only simple, work related decisions"). Therefore, the ALJ's failure to weigh Dr. Kenney's opinion appears to be harmless as to these first two findings by Dr. Kenney, as they are consistent with the ALJ's determination of Plaintiff's RFC.

However, the ALJ failed to incorporate Dr. Kenney's findings of limitations in Plaintiff's ability to adapt. *See generally* AR at 17, 357, 383. For example, Dr. Kenney opined that Plaintiff's capacity to adapt "appears substantially impaired" in October 2010 and that it "appears limited" in April 2012. AR at 357, 383. Had the ALJ intended to adopt Dr. Kenney's opinions, the ALJ should have incorporated this finding; otherwise, the ALJ should have explained why he rejected such finding. *Wilson v. Colvin*, 541 F.

App'x 869, 874 (10th Cir. 2013) (unpublished) ("If the ALJ intended to adopt these moderate restrictions [regarding the claimant's ability to adapt to a usual work setting] from [the doctor's] opinion, he should revise [the claimant's] RFC to include them."). This failure to incorporate a limitation on Plaintiff's ability to adapt, without explaining why such finding by Dr. Kenney was rejected, constitutes legal error. *Haga v. Astrue*, 482 F.3d 1206, 1208 (10th Cir. 2007) (holding that "the ALJ should have explained why he rejected four of the moderate restrictions on [a doctor's] RFC assessment while appearing to adopt the others"); *see also, e.g.*, *Trujillo v. Colvin*, *doc. 27*, No. CV 14-0879 SMV at 7, n.4 (D.N.M. July 24, 2015); *Spiess v. Colvin*, *doc. 24*, No. CV 14-0486 LAM at 9-11 (D.N.M. July 23, 2015).

Defendant argues that "[t]he ALJ accommodated any limitations regarding memory, concentration, social interaction, adaptation, and persistence by finding that Plaintiff had the residual functional capacity to perform only simple tasks, follow simple instructions, and work primarily with things rather than people." *Doc. 34* at 13. While the undersigned agrees that the limitations regarding memory, concentration, and persistence were incorporated into the ALJ's determination of Plaintiff's RFC, Defendant fails to point to any authority suggesting that an RFC limiting a claimant to simple tasks, simple instructions, and working primarily with things rather than people satisfactorily takes into account a claimant's limitations in adaptability. *See generally doc. 34*. Moreover, had the ALJ intended to adopt the finding of a limitation on Plaintiff's ability to adapt,

11

the ALJ could have explicitly included such a finding in Plaintiff's RFC.  *See, e.g., Nichols v. Colvin*, No. 12-2243-SAC, 2013 WL 5276107, at *3 (D. Kan. Sept. 18, 2013) (RFC stating that the claimant "is limited to low stress work which does not involve significant changes or adaptations"); *Tucker v. Astrue*, No. 10-CV-799-PJC, 2012 WL 874299, at *8 (N.D. Okla. Mar. 14, 2012) (RFC stating that claimant was limited to "minimal adaptation to work situations").

Finally, Defendant argues that Dr. Kenney's opinions, which were formulated in October 2010 and April 2012, are not relevant to Plaintiff's disability determination due to her alleged onset date of July 30, 2012.  *Doc. 34* at 13.  However, case law within the Tenth Circuit indicates that Dr. Kenney's opinions remain relevant.  *See, e.g., Brown v. Colvin*, No. 2:12-CV-169-DN-BCW, 2014 WL 1775995, at *9 (D. Utah May 5, 2014) ("The Court believes that evidence presented that pre-dates the alleged onset date [is] relevant especially in cases of long[-]term mental illness as is the case here."); *Prier v. Colvin*, No. CIV. 14-2240-JAR, 2015 WL 1399696, at *3 (D. Kan. Mar. 26, 2015) (finding that the ALJ should have considered treatment notes made prior to the alleged onset date where the notes demonstrated the "ongoing or progressive" nature of the claimant's medical condition); *see also Hamlin v. Barnhart*, 365 F.3d 1208, 1215 (10th Cir. 2004) ("[E]ven if a doctor's medical observations regarding a claimant's allegations of disability date from earlier, previously adjudicated periods, the doctor's observations are nevertheless relevant to the claimant's medical history and should be considered by the ALJ.").

Additionally, the ALJ himself did not state that Dr. Kenney's opinions were not relevant, and I therefore cannot recommend that the Court adopt such rationale as a basis for upholding the ALJ's implicit rejection of Dr. Kenney's opinions.  *See generally* AR at 20-21; *Haga*, 482 F.3d at 1207-08 ("[T]his court may not create or adopt post-hoc rationalizations to support the ALJ's decision that are not apparent from the ALJ's decision itself."); *Allen*, 357 F.3d at 1142 ("Affirming this post hoc effort to salvage the ALJ's decision would require us to overstep our institutional role and usurp essential functions committed in the first instance to the administrative process.").

The limitation as identified by Dr. Kenney, had it been accepted by the ALJ after proper consideration of Dr. Kenney's opinion and included in the RFC, may have impacted the finding as to the number of available occupations that Plaintiff is able to perform.  Indeed, such a finding that Plaintiff is limited in her ability to adapt to changes in the workplace might preclude Plaintiff from working as a cook helper, laundry worker, or housekeeper.  *See* AR at 23-24.  As the ALJ failed to include the limitation found by Dr. Kenney in his determination of Plaintiff's RFC, the Court is left to speculate as to whether such limitation may have precluded Plaintiff from performing these jobs and would have therefore resulted in a finding that Plaintiff was disabled.

Thus, I recommend that the Court find that the ALJ erred by failing to weigh Dr. Kenney's opinion or to discuss why he rejected Dr. Kenney's finding that Plaintiff was

limited in her ability to adapt. Based on these considerations, I recommend finding that the ALJ committed reversible error and that this case should be remanded.

### V. CONCLUSION

For the foregoing reasons, I recommend finding that the ALJ failed to properly evaluate the opinion evidence of Dr. Kenney. Therefore, I recommend that Plaintiff's Motion to Remand to Agency for Rehearing (*doc. 29*) be GRANTED and the action be REMANDED to the Commissioner for further proceedings.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

> **THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**